IN THE UNITED STATES COURT OF APPEALS
                          FOR THE FIFTH CIRCUIT

                          _____

                              No. 00-40383
                            Conference Calendar
                          _____


UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

JAVIER ALVARO-MONTEJO,

                                              Defendant-Appellant.

                         --------------------
                 Appeal from the United States District Court
                     for the Southern District of Texas
                        USDC No. L-99-CR-1112-ALL
                         --------------------
                            February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Javier Alvaro-Montejo appeals his guilty-plea conviction and

sentence for illegal reentry into the United States following a

prior deportation in violation of 8 U.S.C. § 1326(a) and (b).

For the first time on appeal, Alvaro-Montejo argues that the

felony conviction that resulted in his increased sentence under

8 U.S.C. § 1326(b) was an element of the offense that should have

been charged in the indictment.  Alvaro-Montejo acknowledges that

his argument is foreclosed by Almendarez-Torres v. United States,

523 U.S. 224, 235 (1998), which holds that the "aggravated

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

felony" is merely a sentencing factor that need not be pleaded in the indictment. However, Alvaro-Montejo wishes to preserve the issue for possible Supreme Court review in the light of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). In that case, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[.]" Apprendi, 120 S. Ct. at 2362-63. Apprendi did not overrule Almendarez-Torres. Id. at 2361-62 & n.15. Accordingly, Alvaro-Montejo's argument is foreclosed.

Alvaro-Montejo also argues for the first time on appeal that his indictment was insufficient because it failed to allege general intent. Alvaro-Montejo's indictment alleged every statutorily required element of 8 U.S.C. § 1326 and fairly imported that Alvaro-Montejo's reentry was a voluntary act in view of the allegations that he had been previously deported or removed and that he had subsequently been found in the United States without having obtained the consent of the Attorney General. Alvaro-Montejo failed to challenge the element of voluntariness in the district court. Consequently, the indictment was statutorily sufficient. See United States v. Guzman-Ocampo, 236 F.3d 233 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.